FILED 08 OCT 14 16:34 USDC-LAE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CYNTHIA F. BURTHLONG,<br>　　　　　Plaintiff | CIVIL ACTION<br>NO. **08-4658**<br>SECTION |
| versus | |
| MIDLAND FUNDING, LLC, GREGORY<br>M. EATON, LINDA L. LYNCH, EATON<br>GROUP ATTORNEYS, LLC, JANE DOE,<br>and ABC INSURANCE COMPANY, | MAGISTRATE<br>**SECT C MAG 4** |
| 　　　　　Defendants | |

*********************************************************************

## COMPLAINT – JURY TRIAL REQUESTED

NOW INTO COURT through undersigned counsel comes plaintiff, Cynthia F. Burthlong, who respectfully represents as follows.

1.

This is an action for damages and a declaration that the debt collection practices described below violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o (the "FDCPA"), which prohibits debt collectors from engaging in deceptive, abusive, and unfair debt collection practices.

### Jurisdiction and Venue

2.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). Venue is proper in the Eastern District of Louisiana, as it is the judicial district wherein a substantial part of the events relevant to the claims made herein

1



occurred.

## Parties

3.

Plaintiff, Cynthia F. Burthlong, is a resident of New Orleans, Louisiana. Burthlong is a "consumer" as defined at 15 U.S.C. § 1692a(3).

4.

Defendant, Midland Funding, LLC ("Midland") is a Delaware limited liability company which is registered with the Louisiana Secretary of State, and has its principal place of business in San Diego, California.

5.

Midland is a "debt collector" as defined at 15 U.S.C. § 1692a(6).

6.

Defendant, Gregory M. Eaton ("Eaton"), is an attorney licensed to practice law in Louisiana.

7.

Eaton is a "debt collector" as defined at 15 U.S.C. § 1692a(6).

8.

Defendant, Linda L. Lynch ("Lynch"), is an attorney licensed to practice law in Louisiana.

9.

At all times relevant, Lynch was a "debt collector" as defined at 15 U.S.C. § 1692a(6).

2

10.

Defendant, Eaton Group Attorneys, LLC (the "Eaton Group"), is a domestic limited liability company with its principal place of business in Baton Rouge, Louisiana.

11.

The Eaton Group is a "debt collector" as defined at 15 U.S.C. § 1692a(6).

12.

Jane Doe is the fictitious name of a current or former employee of the Eaton Group, who was involved in the events described herein, whose real name will be substituted upon discovery.

13.

Jane Doe was at all times relevant a "debt collector" as defined at 15 U.S.C. § 1692a(6).

14.

ABC Insurance Company is the fictitious name of the provider of a policy of liability insurance issued in favor of one or more of the defendants, which policy or policies cover the claims made herein. ABC Insurance Company is liable in solido with the defendants pursuant to the Louisiana Direct Action Statute, La. Rev. Stat. Ann. § 22:655.

## Facts

15.

On May 9, 2007, Midland filed suit against Ms. Burthlong in Second City Court for the City of New Orleans, No. 07-114, to collect a delinquent Mastercard account.

16.

On July 6, 2007, William G. Cherbonnier, Esq. received a request from the New Orleans Pro Bono project to represent Ms. Burthlong. Mr. Cherbonnier met with her on July 9, 2007 and she retained him to represent her as her Por Bono attorney.

17.

After being retained, Mr. Cherbonnier called Mr. Eaton's office and advised them of his representation.

18.

Also, Ms. Burthlong received a demand letter from the Eaton Group on a second Midland account, which the Eaton Group subsequently filed suit upon. Mr. Cherbonnier assisted Ms. Berthlong in drafting and sending a dispute letter and request for validation, and informed the Eaton Group in a conference call with Ms. Burthlong that he represented her in regard to that account.

19.

On July 16, 2007, Mr. Cherbonnier sent an email to Jennifer Alexander at the Eaton Group confirming his representation in Second City Court No. 07-114 and advising that pleadings would soon follow.

20.

Also on July 16, 2007, Mr. Cherbonnier faxed a Response to Request for Admissions, a First Set of Interrogatories, Request for Production, Request for Admissions, Request for Notice, and exceptions of Vagueness and Ambiguity with a supporting memorandum. The Eaton Group received this fax at 6:04 P.M.

21.

4

On July 17, 2007, the Eaton Group served Mr. Cherbonnier with "Domestic Interrogatories" and "Account Interrogatories."

22.

On July 23, 2007, the Eaton Group filed a Motion for Default Judgment in Second City Court No. 07-114. The default judgment was signed on July 31, 2007.

23.

On August 17, 2007, the Eaton Group moved to set aside the default judgment, which was granted by court.

24.

On August 28, 2007, the Eaton Group responded to discovery.

25.

On August 31, 2007, the Eaton Group moved to set Ms. Burthlong's exceptions for trial. Trial on the exceptions was set for October 30, 2007.

26.

On October 5, 2007, the Eaton Group sent Mr. Cherbonnier a settlement offer of $2,500.00 on the alleged debt of $3,732.52 at issue in Second City Court No. 07-114, conditioned on funds being received on or before October 19, 2007.

27.

On October 15, 2007, Ms. Burthlong personally called the Eaton Group to find out what she owed.

28.

When Ms. Burthlong called the Eaton Group on October 15, 2007, she had recently learned that she would be receiving funds from the Louisiana Road Home program.

29.

On information and belief, Ms. Burthlong spoke to a non-attorney employee of the Eaton Group ("Jane Doe") when she called on October 15, 2007.

30.

During the October 15, 2007 call, Jane Doe told Ms. Burthlong that she would have to overnight $3,740.20 in certified funds to settle in Second City Court No. 07-114. Ms. Burthlong borrowed the money from her sister, went to the bank and got a cashier's check, and sent it via certified mail to the Eaton Group at 11:22 AM that day.

31.

Also during that call, Jane Doe told Ms. Burthlong that she needed to pay $1,468.91 to settle the second Midland account, which is the account Mr. Cherbonnier earlier had spoken to the Eaton Group about in the conference call. The Eaton Group by this time had filed suit on the account in the Second City Court for the City of New Orleans, and it was assigned docket No. 07-198. Ms. Burthlong borrowed the necessary funds from her sister, obtained a certified check, and sent it via certified mail at the same time as the other check, above.

32.

After receipt of the above funds, the Eaton Group dismissed both lawsuits.

6

33.

After Mr. Cherbonnier found out that his client had paid the Eaton Group directly, he contacted the Eaton Group's attorneys and demanded they return the money, on the grounds that they had entered into a settlement with his client on matters in which he represented her, without his knowledge or participation. Defendants repeatedly refused to return the money, and have not done so to this day.

34.

All actions of the Eaton Group and its attorney and non-attorney members were undertaken in the course and scope of their employment as attorneys and agents of defendant Midland Funding, LLC, and Midland is liable for those actions under theories of agency, respondeat superior, and vicarious liability.

35.

The Eaton Group was under the direct control and supervision of its primary stockholder, Gregory M. Eaton, who developed, implemented, and oversaw its daily operating policies and practices.

36.

All defendants named herein were under the direct supervision and control of Gregory M. Eaton. Mr. Eaton failed to properly train, instruct and supervise those individuals with respect to the facts described herein.

37.

Jane Doe was under the direct supervision, direction and control of Gregory M. Eaton and the attorney of record in the City Court cases, Linda L. Lynch.

38.

As attorney of record, defendant Lynch failed to properly supervise and control Jane Doe, failed in her duties to inform and involve Ms. Burthlong's attorney in any settlement negotiations, and failed in her duty to return the funds received from Burthlong without her attorney's knowledge or participation.

## COUNT ONE: VIOLATIONS OF THE FDCPA

39.

The defendants' communication with a consumer known to be represented by counsel, and their solicitation and acceptance of money to settle disputed claims in litigation without notifying or involving the consumer's attorney, violates numerous provisions of the FDCPA including but not limited to sections 1692c, 1692d, 1692e, 1692f, and/or 1692g.

## COUNT TWO: VIOLATIONS OF STATE LAW

40.

The failure to properly train, instruct and supervise Jane Doe and other employees involved in the acts described above, and the failure to return the improperly negotiated and received settlement funds, constitutes negligence and/or intentional tort under state law.

41.

Plaintiff has suffered actual damages and injury, including, but not limited to, the sums paid hereunder to defendants, stress, humiliation, anxiety, extreme mental anguish

and suffering, emotional distress, for which she should be compensated in amounts to be proven at trial.

WHEREFORE, plaintiff respectfully requests that the Court grant the following relief in her favor and against defendants for:

(1) Actual damages;

(2) Additional damage from each defendant;

(3) Interest;

(4) Attorney fees, litigation expenses and costs; and

(5) Such other and further relief as is appropriate.

A JURY TRIAL IS DEMANDED

Respectfully submitted,

/s/ William G. Cherbonnier Jr.
_____
William G. Cherbonnier Jr.  LSBA# 04031
2550 Belle Chase Highway, Suite 215
Gretna, LA  70053
PH: 504-309-3304   FAX: 504-309-3306

Garth J. Ridge   LSBA # 20589
251 Florida Street, Suite 301
Baton Rouge, LA  70801
PH: 225-343-0700  FAX: 225-343-7700

Steve R. Conley   LSBA #21246
321 N. Vermont Street, Suite 204
Covington, LA  70433
PH: 985-892-7222   FAX: 985-892-7075

9