UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| CYNTHIA F. BURTHLONG | CIVIL ACTION |
|---|---|
| VERSUS | NO. 08-4658 |
| MIDLAND FUNDING, L.L.C., ET AL | SECTION "C" (4) |

ORDER AND REASONS

This matter comes before the Court on motion to compel withdrawal of plaintiff's counsel filed by the defendants, Eaton Group, L.L.C. ("Eaton"), Midland Funding, L.L.C. ("Midland") and Gregory M. Eaton. Having considered the record, the memoranda of counsel and the law, the Court has determined that the motion should be denied for the following reasons.

The plaintiff sues the defendants under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o ("FDCPA") and state law for conduct arising from suits by defendant Midland and Eaton against the plaintiff in Louisiana state court involving the plaintiff's debts. This motion challenges the propriety of certain conduct surrounding a October 2007 settlement offer in that matter at a time when the plaintiff was represented by her current counsel, William G. Cherbonnier ("Cherbonnier"). The defendants seek to compel the withdrawal of Cherbonnier because he will be called as a witness in this

matter, which allegedly results in a conflict of interest between the plaintiff and Cherbonnier. The plaintiff opposes the motion with the argument that, assuming arguendo that Cherbonnier delayed giving his client the relevant settlement offer, it did not result in malpractice and does not produce a conflict of interest warranting withdrawal. Cherbonnier argues that his interests are aligned with the plaintiff.

The motion papers are light on legal argument. "As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification." *In re Yarn Processing Patent Validity Litigation*, 530 F.2d 83, 88 (5th Cir. 1976). "The underlying rules relating to attorney conflicts of interest are designed to allay any apprehension a client may have in frank discussion of confidential information with his attorney." *Id.*, 530 F.2d at 90.

Even assuming that the defendants have standing to move to withdraw plaintiff's counsel, the motion still fails. The determination whether an attorney can serve both as an advocate and witness requires weighing the need for disqualification under the relevant ethical canons, but the application of these rules is not done inflexibly. *Federal Deposit Insurance Corp. v. United States Fire Insurance Co.*, 50 F.3d 1304, 1311 (5th Cir. 1995); *SAS Overseas Consultants v. Offshore Consultants USA, Ltd.*, 1998 WL 676992 (E.D.La.). The court considers the social interest at stake, including the right of a party to its counsel of choice and counsel's right to freely practice his profession.

*FDIC*, 50 F.3d at 1314.. "All of the facts particular to a case must be considered, in the context of the relevant ethical criteria and with meticulous deference to the litigant's rights." *Id.* Here, Cherbonnier's representation in state court was apparently *pro bono*, and the prejudice to the plaintiff to proceed unrepresented would appear to be substantial. In the absence of a clearer showing that a conflict actually exists and that Cherbonnier's testimony would not be aligned with his client's, compelling withdrawal of counsel without the client's consent is inappropriate.

IT IS ORDERED that the motion to compel withdrawal of plaintiff's counsel filed by the defendants, Eaton Group, L.L.C., Midland Funding, L.L.C. and Gregory M. Eaton is DENIED. (Rec. Doc. 15).

New Orleans, Louisiana, this 7th day of April, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE