UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CYNTHIA F. BURTHLONG | CIVIL ACTION |
| VERSUS | NO. 08-4658 |
| MIDLAND FUNDING, L.L.C., ET AL | SECTION "C" (4) |

ORDER AND REASONS

This matter comes before the Court on motion for summary judgment and motion to dismiss filed by the defendants, Midland Funding, L.L.C. ("Midland"), the Eaton Group Attorneys, L.L.C. ("Eaton Group") and Gregory M. Eaton ("Eaton"). Having considered the record, the memoranda of counsel and the law, the Court has determined that partial summary judgment and dismissal is appropriate for the following reasons.

The plaintiff, Cynthia F. Burthlong ("Burthlong") alleges in this suit that the defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692o ("FDCPA"), failed to properly train, instruct supervise employees and failed to return funds under state law when they answered her questions in a phone call placed by her to them on October 15, 2007, which resulted in the full settlement of state court suits

pending against her based on delinquent credit card debt.[1]  At the time of the phone call, Burthlong had been sued by Midland Funding, L.L.C., through its attorney Eaton and Eaton Group in two separate suits in Second City Court, Parish of Orleans.  The first, No. 07-114,  filed on May 9, 2007, was based on a debt of $2,969.93.  On July 9, 2007, Burthlong met with attorney William G. Cherbonnier ("Cherbonnier"), who agreed to represent Burthlong with regard to the first suit No. 07-114  through the New Orleans Pro Bono Project and so advised the Eaton Group.   The second suit filed on August 2, 2007, No. 07-198, was based on an additional debt of $1,001.90.

The undisputed facts indicate that on October 5, 2007, the Eaton Group through legal assistant Tammy Gibson sent a letter to Cherbonnier offering to settle Burthlong's debt in the first case No. 07-114 for $2,500.00 contingent on payment by October 19, 2007; this letter was marked received on October 11, 2007.   According to Burthlong's deposition testimony, on October 15, 2009, she arranged to borrow money from her sister, personally called the Eaton Group "[t]o be honest with you, to try to work out something," and that after getting the total amounts due, obtained and mailed certified checks to the Eaton Group. (Rec. Doc. 61, Exh. 3, p. 29).   The checks were negotiated

---

[1] In amended complaint filed on October 6, 2009,  the plaintiff added Continental Casualty Company, the insurer of Eaton Group and Eaton, as a party defendant.   (Rec. Doc. 48).

on November 23, 2007.

Burthlong also testified that after approximately two weeks after the October 15, 2007, phone call, she told Cherbonnier what she had done with the Eaton Group. The two state court suits were subsequently dismissed as settled; Case No. 07-114 was dismissed on Midland's motion filed October 29, 2007, and signed November 8, 2007. A reconventional demand in Case No. 07-114 was filed on November 2, 2007.

Burthlong also testified at her October 20, 2009, deposition that she did not remember at any time discussing a settlement offer with Cherbonnier, and that she first learned about it at that deposition. (Rec. Doc. 51, Exh. 3, pp. 52-53). Burthlong also testified that she never made an attempt to get the checks back from the Eaton Group. (Rec. Doc. 61, Exh. 3, p. 54).

The defendants seeks summary judgment on the Section 1692c(a)(2) because of Burthlong's consent and waiver, that any inconsistent state law claims are precluded by the FDCPA , that *res judicata* bars the remaining claims against Midland and that any claim against Eaton individually is subject to dismissal.[2] The defendants also move

---

[2] Section 1692c(a)(2) provides:
   Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with any debt .... (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name

3

separately for dismissal based on the previous state court judgments and *Rooker-Feldman* doctrine, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  Represented by Cherbonnier, Burthlong makes a number of arguments in opposition.[3]

Turning to the arguments actually made by the defendants in the motions, the plaintiff argues that the defendants did violate Section 1692c(a)(2) because Burthlong did not consent to communicate with the defendants when she called the Eaton Group on October 15, 2007.  No caselaw is provided in support of this argument.  The fundamental flaw in the plaintiff's argument is that Section 1692c(a)(2) is premised on a recognition that the consumer can give consent directly to the debt collector: "[w]ithout the prior consent of the consumer given directly to the debt collector..."   The Court finds that the  provision that a represented debt collector not communicate with a consumer "unless the attorney consents to direct communication with the consumer ..." does not conflict with the premise that the consumer can consent to direct

---

and address, unless the attorney fails to respond with in a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer ...

[3]  The Court allowed additional time to plaintiff for filing  supplemental opposition based on ongoing discovery.  (Rec. Doc. 80, 109).

4

communication with the debt collector. The statute does not strip a represented consumer of the right to directly contact the debt collector; rather, the statute restrains conduct on the part of the debt collector, not the consumer.

Next, the defendants argue that all state law claims are preempted by the FDCPA. They cite to the provision in 15 U.S.C. § 1692n that "annul ... or exempt any person from complying with the laws of any State with respect to debt collection practices ... to the extent that those laws are inconsistent with any provision of [the FDCPA]."[4] The defendants argue that state law negligent claims can not be based solely on alleged violations of the FDCPA. Although the plaintiff does not appear to directly address this argument, the Court finds that the defendants' argument is undermined by a complete reading of Section 1692n, which allows for the coexistence of state law that provides greater consumer protection.

The motion for summary judgment and motion to dismiss both present the

---

[4]Section 1692n reads in full as follows:
> This subchapter does not annul, alter, or affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency. For purposes of this section, a State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection provided by this subchapter.

argument that the plaintiff can not sue Midland under the doctrine of *res judicata* and the *Rooker-Feldman* doctrine. The defendants argue that all claims concerning the debt were dismissed in state court by Midland because of the settlement of the debt and that, under Louisiana law, all causes of action between the parties arising out of the transaction or occurrence made the subject matter of the litigation were extinguished and merged in the judgments. The also argue that *Rooker-Feldman* precludes relitigation of adjudicated claims. The plaintiff argues in opposition that there was a reconventional demand filed in one of the state court cases prior to the judgment, and that the state courts specifically dismissed the reconventional demand without prejudice in order to allow the plaintiff to pursue the claim in a separate suit. The Court finds that state court judgments did not address the claims or injury alleged herein and that the defendants' argument on this issue lacks merit. See *Long v. Shorebank Development Corp.*, 182 F.3d 548, 555 (7th Cir. 1999).

Finally, the defendants argue that the claims against Eaton individually should be dismissed because he was acting in a representative capacity on behalf of a disclosed principal, identified as Eaton Group. The plaintiff argued for more discovery on this issue, and has presented nothing to support a claim against Eaton individually, warranting dismissal.

For the first time in her opposition, the plaintiff argues that the defendants' failure to advise Burthlong of the settlement offer that had been conveyed to her attorney by letter dated October 5, 2007, constituted a "misleading representation" of the "amount" or "legal status" of the debt under Section 1692e of the FDCPA because the offer was an outstanding "option" under Louisiana that needed to be communicated to her, apparently by the defendants.[5] The defendants reply that this claim was not properly plead and should be disregarded by the Court. In the absence of a showing of prejudice, however, the Court will allow amendment to allege such a claim. Because this claim was not addressed in the motion for summary judgment, however, the Court does not address the merits of such a claim herein.

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by Midland Funding, L.L.C., the Eaton Group Attorneys, L.L.C. and Gregory M. Eaton is GRANTED as to Count One of the Complaint in that the plaintiff did consent to contacting the debt collector. The motion is DENIED as to Count Two. (Rec. Doc. 61). Defendant Eaton is likewise dismissed from the lawsuit on summary judgment.

IT IS FURTHER ORDERED that the motion to dismiss filed by Midland Funding,

---

[5] Burthlong also appears to argue that the phone conversation constituted a "threat" under Section 1692e. The Court dismisses this argument as incomprehensible.

L.L.C. and the Eaton Group Attorneys, L.L.C. is DENIED. (Rec. Doc. 81).

IT IS FURTHER ORDERED that the plaintiff shall amend her Complaint to allege any claim under 15 U.S.C. § 1692e within five days from the date of this Order and Reasons.

**Again, the parties are urged to consider amicable resolution.**

New Orleans, Louisiana, this 29th day of January, 2010.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE